FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 JAN 27 AM II: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES CHAPPELL, as              }
Administrator of the Estate     }
of RAYMOND L. CHAPPELL,         }
deceased,                       }
                                }   CIVIL ACTION NO.
        Plaintiff,              }
                                }   99-AR-3462-S
v.                              }
                                }
GENERAL MOTORS CORPORATION,     }
                                }
        Defendant.

ENTERED

JAN 27 2000

## MEMORANDUM OPINION

For the purposes of considering plaintiff's challenge to the removal of jurisdiction of this court, the above-entitled case constituted a new and separate lawsuit filed in the state court as of November 24, 1999. It was removed within thirty days of service on General Motors Corporation, the diverse defendant. At that time there were no non-diverse defendants. The action as against the non-diverse defendant had been voluntarily dismissed by plaintiff before General Motors was even named as a party or knew that it was a potential defendant, although plaintiff knew it when the original complaint was filed. The prohibition in 28 U.S.C. § 1446(b) against the removal of a diversity case more than one year after it is pending in the state court cannot, in logic and fairness, be extended to the unique fact and procedural situation that here exists.

1

Of course, if plaintiff wants to take advantage of *Bailey v.*
*Wal-Mart,* 981 F. Supp. 1415 (N.D. Ala. 1997), the court, and
probably General Motors, would be delighted.    Meanwhile,
plaintiff's motion to remand will be denied by separate order.

DONE this ___27th___ day of January, 2000.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE