FILED

FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 AUG 14

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JAMES CHAPPELL, as Administrator of the Estate of RAYMOND L. CHAPPELL, deceased, | } } } } |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 99-AR-3462-S |
| GENERAL MOTORS CORPORATION, | |
| Defendant. | |

ENTERED

AUG 14 2000

### MEMORANDUM OPINION

The court has read the briefs and has considered the oral arguments for and against the motion of defendant, General Motors Corporation ("GMC"), for partial summary judgment. GMC seeks a dismissal of the above-entitled action insofar as plaintiff attempts to pursue a claim for the personal injuries allegedly sustained by plaintiff's decedent. GMC does not challenge plaintiff's right to pursue a claim for the wrongful death of the decedent.

GMC's contention, succinctly stated, is that Alabama's rule that a personal injury cause of action does not survive the death of the injured person unless the claim has been actually sued upon before the death occurs, applies here so as to preclude the substitution of GMC as defendant in the place of a previously described fictitious party, that is, insofar as plaintiff is pursuing the decedent's claim for personal injury. GMC argues

1



that this is the necessary consequence of plaintiff's knowledge of GMC's existence and of its connection with the accident when the suit was filed, and therefore that Alabama's rule precluding "relation back" works in conjunction with Alabama's requirement that suit be filed before the death so as to prevent the after-death naming of GMC for the first time.

The court readily understands why GMC points to the fact that this court treated the amendment which added GMC as a defendant in the state court as a new case for the purpose of allowing GMC to effect a diversity removal more than one year after the complaint was filed in the state court. However, the treatment accorded an amendment for **one** purpose does not necessarily dictate the treatment of that amendment for **all purposes**. Sitting in diversity, this court necessarily applies Alabama substantive law. Even though there is no binding Alabama decision directly on point, this court concludes that inasmuch as the original complaint had clearly sought damages for personal injury and because the amendment adding GMC was filed before the bar of the Alabama statute of limitations for personal injury, no Alabama rule is violated by the naming of GMC after the death. Plaintiff's claim for the personal injuries of the decedent is therefore preserved as against GMC.

Accordingly, GMC's motion for partial summary judgment will be denied by separate order.

DONE this 14th day of August, 2000.

*[signature]*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE